IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
    )
    v.    )    CASE NO. 2:22-CR-106-WKW
    )    [WO]
DONOVAN OCTAVIS    )
MENDENHALL    )

## **ORDER**

Before the court are Defendant Donovan Octavis Mendenhall's *pro se* Motion for Reduction in Sentence Pursuant to Amendment 821 and Motion for Appointment of Counsel for 821 Proceedings. (Docs. # 44, 45.) For the following reasons, the motions will be denied.

"A district court has no inherent authority to modify a defendant's sentence, and it may do so only when permitted by statute or rule." *United States v. Luna*, 2026 WL 2237005, at *2 (11th Cir. Aug. 4, 2026) (per curiam) (citation omitted). Under 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," after considering the applicable factors in 18 U.S.C. § 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). "To obtain a reduction of a term of imprisonment based on an amendment to the Guidelines, the relevant amendment must be listed in section

1B1.10(d)." *Luna*, 2026 WL 2237005, at *2 (citing U.S.S.G. § 1B1.10(a)(1)). Because Part A of Amendment 821 to the United States Sentencing Commission Guidelines Manual ("Guidelines Manual") is listed in § 1B1.10(d), it may provide a basis for a sentence reduction. *See* U.S.S.C. § 1B1.10(a)(1), (d).

Defendant seeks a sentence reduction based on Part A of Amendment 821. At the time of Defendant's sentencing, the Guidelines Manual provided for a defendant to receive two criminal-history points ("status points") if he committed the offense of conviction while under any criminal-justice sentence, such as probation, parole, or supervised release. *See* U.S.S.G. § 4A1.1(d) (Nov. 2021). Effective November 2023, Part A of Amendment 821 reduced or eliminated these status points depending on the defendant's criminal history score, thereby potentially lowering the applicable Guidelines range for affected defendants. *See generally United States v. King*, 2026 WL 2043228, at *10 (11th Cir. July 15, 2026) (explaining that Part A of Amendment 821 "changed the way the Guidelines score the[] 'status points'" and that the Sentencing Commission "struck U.S.S.G. § 4A1.1(d) and replaced it with § 4A1.1(e)").

Although Part A of Amendment 821 became effective after Defendant was sentenced and applies retroactively to eligible defendants, it does not affect his criminal history score because no status points were assessed under § 4A1.1(d). Defendant asserts that "he has Two (2) additional points added to his criminal history

2

score that contribute to a longer federal sentence." (Doc. # 44 at 2.)  But Defendant received no criminal history points under former § 4A1.1(d).  Rather, he received six criminal history points under § 4A1.1(a) based upon two "prior sentence[s] of imprisonment exceeding one year and one month."  U.S.S.G. § 4A1.1(a) (Nov. 2021); (Doc. # 39 at 7 (Presentence Investigation Report).)  Those six points placed Defendant in Criminal History Category III.  (Doc. # 39 at 8.)  Because Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), he is ineligible for a sentence reduction under Part A of Amendment 821.

Accordingly, it is ORDERED that Defendant's Motion for Reduction in Sentence Pursuant to Amendment 821 and Motion for Appointment of Counsel for 821 Proceedings (Docs. # 44, 45) are DENIED.

DONE this 6th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3